# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

     Plaintiff,

vs.                                                                          1:22-cr-01008-KWR-1

XAVIOR AKINA,

     Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court upon Defendant's Motion to Sever Counts in Indictment. Doc. 33. Having reviewed the pleadings and relevant law, the Court finds that Defendant's motion is not well taken, and therefore, is **DENIED**.

## BACKGROUND[1]

On June 15, 2022, a federal grand jury indicted Defendant with five counts of Interference with Commerce by Robbery in violation of 18 U.S.C. § 1951; one count of Using and Carrying a Firearm During and in Relation to a Crime of Violence, and Possessing a Firearm in Furtherance of Such Crime; Discharging Said Firearm in violation of 18 U.S.C. § 924(c)(1)(A)(iii)[2]; and one count of Felon in Possession of a Firearm and Ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924. Doc. 4. The seven-count indictment pertains to the alleged robbery of gas stations, convenience stores, and a retail store on February 23 and 25 and March 12 and 13, 2022. Doc. 39 at 2-5. The United States further alleges Defendant possessed a firearm on March 12, 2022, and joined all charges in its indictment. On December 19, 2023, Defendant filed this motion, seeking the severance of count seven, felon in

---

[1] The Court is not making factual findings related to Defendant's conduct on the underlying charges in this Memorandum Opinion and Order.

[2] Count six has since been dismissed. *See* Doc. 45.

possession of a firearm and ammunition, from the remaining counts.  Doc. 33.  Defendant also moves this Court to sever counts one and two from counts three, four, and five due to improper joinder.  Doc. 33 at 4.

## LEGAL STANDARD

The joinder of offenses in a criminal trial is governed by Rules 8(a) and 14 of the Federal Rules of Criminal Procedure.  Rule 8(a) allows for the joinder of offenses when they, "are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan."  Fed.R.Crim.P. 8(a); *U.S. v. Sturmoski*, 971 F.2d 452, 460 (10th Cir. 1992).  If two or more offenses are properly joined under Rule 8(a), the joinder is also subject to scrutiny under Rule 14, which provides,"[i]f the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." Fed.R.Crim.P. 14(a).  "To prevail on a motion to sever, a defendant must demonstrate that the joinder would cause actual prejudice to his defense that outweighs the expense and inconvenience of separate trials."  *United States v. Thomas*, 849 F.3d 906, 911-12 (10th Cir. 2017) citing, *United States v. Hutchinson*, 573 F.3d 1011, 1025 (10th Cir. 2009).

## DISCUSSION

### I.     Joinder of Counts One Through Five Was Proper Pursuant to Fed. R. Crim. P. 8(a)

Defendant argues the sequence of alleged robberies occurred more than ten days apart and therefore, are not part of the same act or transaction.  Because of this, joinder of counts one through five under Rule 8(a) was improper.  Even if this Court finds joinder proper, severance is still appropriate under Rule 14.  Determining whether joinder is proper is a fact intensive inquiry.  *U.S. v. Bailey*, 952

F.2d 363, 365 (10th Cir. 1991).  This Court disagrees with Defendant and finds the joinder of counts one through five proper.

Here, while Defendant is correct in his assertion that the alleged robberies spanned several days, this Court finds counts one through five, which pertain to robbery, are of the same or similar character. Alternatively, this Court finds joinder proper because the charged offenses "are connected with or constitute parts of a common scheme or plan."  Fed.R.Crim.P. 8(a).  Defendant allegedly committed one attempted robbery and four robberies of gas stations, convenience stores, and a Sally's Beauty Store on February 23, February 25, March 12, and March 13, 2022.  Doc. 39 at 2-4.  In each of these instances, Defendant allegedly threatened victims with a deadly weapon and demanded cash, before fleeing in a getaway car.  *Id*. at 6.[3]  In two of these incidents, Defendant's girlfriend, M.B., was implicated in the alleged robberies.  *Id*. at 2-3.  Furthermore, the commercial businesses in question are all located in either Los Lunas or Albuquerque, New Mexico.  *Id*.  As such, counts one through five arose from conduct that is the same or similar in character and part of a common scheme.  *See Thomas*, 849 F.3d 906, 911-12 (10th Cir. 2017) (concluding that armed robbery counts, including a three-year gap between charged offenses, were of the same or similar character where Defendant entered a store and demanded money through use of force or threat).  Therefore, this Court finds joinder of counts one through five is proper under Rule 8(a).  Fed.R.Crim.P. 8(a).

## II.      Defendant is Not Prejudiced by Joinder Pursuant to Fed. R. Crim. P. 14(a)

---

[3] The alleged weapons or threatened use of weapons are part of a common scheme or plan.  Weapons, firearms specifically, are often considered "tools of the trade" of robbery.  Because counts one through five arose from a common scheme and will involve overlapping evidence, joinder was proper under Rule 8(a).  *See United States v. Thody*, 978 F.2d 625 (10th Cir. 1992); *United States v. Esch*, 832 F.2d 531, 538 (10th Cir. 1987) ("[w]here the evidence overlaps, the offenses are similar ... joinder of ... offenses is proper."); *United States v. Bradshaw*, 580 F.3d 1129 (10th Cir. 2009) citing, *United States v. Martinez*, 938 F.2d 1078 (10th Cir.1991).  Even without overlapping evidence, Courts have found that armed robbery counts are of similar or the same character.  *See United States v. Aker*, 52 F.3d 509, 514 (4th Cir. 1995); *United States v. Coleman*, 22 F.4d 126, 133 (7th Cir. 1994).

Even if joinder is proper under Rule 8(a), a court may separate trials if the joinder of offenses appears to prejudice a defendant. Fed. R. Crim. P. 14(a). The decision whether to grant or deny severance is within the discretion of the trial court. *See United States v. Martin*, 18 F.3d 1515, 1517 (10th Cir. 1994); *United States v. Valentine*, 706 F.2d 282, 289-90 (10th Cir. 1983) citing, *United States v. Strand*, 617 F.2d 571, 575 (10th Cir. 1980); *United States v. Trujillo*, No. 22-CR-00213-CMA, 2023 WL 1927999 * 5 (D. Colo. Feb. 10, 2023). The defendant bears a heavy burden of showing real prejudice sufficient to warrant severance. *Id*. at 1518. Prejudicial joinder occurs under Rule 14 of the Federal Rules of Criminal Procedure only "if an individual's right to a fair trial is either threatened or actually deprived." *U.S. v. Sturmoski*, 971 at 460. Defendant here has the burden of showing "real prejudice" from joinder of the counts. *See U.S. v. Muniz,* 1 F.3d 1018, 1023 (10th Cir. 1993). To establish real prejudice, the defendant must show that the prejudice he will suffer outweighs the expense and inconvenience of separate trials. *Id.* The court should consider other remedial measures that will minimize the risk of prejudice. *See United States v. Lane*, 883 F.2d 1484, 1498 (10th Cir. 1989). Limiting instructions often will cure any risk of prejudice. *See Zafiro v. United States*, 506 U.S. 534, 539 (1993).

Initially, the Court finds no actual, real prejudice because counts one through five arose out of similar incidents and were part of a common plan or scheme. While Defendant is correct that prejudice is more likely with joinder, Defendant's prejudice argument is unconvincing given his heavy burden. *Muniz*, 1 F.3d at 1023 citing, *United States v. Dickey*, 736 F.2d 571, 589 (10th Cir. 1984). The five counts Defendant faces are separate and distinct, and the evidence to be presented is not unfairly overlapping or too confusing. *Muniz*, 1 F.3d at 1023. These offenses took place on separate dates, at different locations, and with different witnesses. *Id*. citing, *Drew v. United States*, 331 F.2d 85, 92–93 (D.C.Cir.1964). Moreover, the Government does not appear to be attempting to strengthen a weak case by joining it with

a strong case, or joining counts that are random or fortuitous. *Cf. Lewis,* 787 F.2d at 1322–23 (reversing denial of severance motion where evidence on second count was "sparse" and conviction was likely affected by other bad acts evidence admissible only as to first count). Defendant asserts that the evidence related to the February events is wholly unrelated to the March events and without severing, the jury would be tainted. However, severance of counts is not required "simply because the cumulative effect of evidence of similar misconduct might potentially prejudice the defendant," *United States v. Hollis*, 971 F.2d 1441, 1457 (10th Cir. 1992), especially where, as here, "the relationship of the charges [grows] out of the defendant's own conduct." *United States v. Olsen*, 519 F.3d 1096, 1103 (10th Cir. 2008).

Even if there were some prejudice, the evidence of each count arises out of similar occurrences and a common scheme or plan and therefore, it would be highly inefficient to try the counts separately. Because the alleged robberies occurred on four different dates, it would be unreasonable to hold four separate robbery trials. The Court finds that the interest in efficiently trying the counts together outweighs any slight prejudice faced by Defendant. *United States v. Tucker*, 502 F. App'x 720, 725 (10th Cir. 2012), *citing United States v. Burkley,* 513 F.3d 1183, 1188 (10th Cir.2008) (holding that denial of a motion for severance was not an abuse of discretion where "[e]ven if the counts had been severed, evidence of Defendant's firearm possession would have been admissible to prove [the drug count]").

Moreover, the Court notes that any prejudice can be ameliorated through appropriate limiting instructions. "Rule 14 ... leaves the tailoring of the relief to be granted, if any, to the district court's sound discretion." *Zafiro,* 506 U.S. at 538. The Court believes that limiting instructions can be crafted to cure any potential prejudice here. *See Hutchinson*, 573 F.3d at 1026 ("[L]imiting instructions are ordinarily sufficient to cure potential prejudice." (quoting *United States v. Hardwell,* 80 F.3d 1471, 1487 (10th Cir.1996)) (internal quotation marks omitted)), cited in *United States v. Tucker*, 502 F. App'x 720, 724 (10th Cir. 2012). For example, the Court and/or the parties can craft appropriate instructions directing the

5

jury to consider each charge separately. The Court will admonish the jurors to separately consider the evidence for each count and not permit the verdict concerning one count to control their verdict concerning any of the other counts of indictment.  To the extent Defendant argues that the jury would not follow these instructions, "[a] central assumption of [Tenth Circuit] jurisprudence is that juries follow the instructions they receive." *United States v. Castillo,* 140 F.3d 874, 884 (10th Cir.1998).

Defendant has not demonstrated that actual prejudice threatens or impairs his right to a fair trial and outweighs the expense and inconvenience of three separate trials as he requests.  *Thomas,* 849 F.3d at 911 citing, *Hutchinson*, 573 F.3d at 1025, *Olsen*, 519 F.3d at 1103.  Therefore, this Court finds the joinder of Counts one through five complies with Rule 14(a), and Defendant is not unfairly prejudiced. Since Defendant has not met his burden of establishing prejudice, severance is improper.

### III.    Joinder of Count Seven is Proper

Defendant asserts that count seven, Felon in Possession of a Firearm and Ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924, must be severed from the remaining counts. Doc. 33 at 2. Defendant argues under *Old Chief v. United States*, *Rehaif v. United States*, and Rule 14(a), joinder of this count with the others is improper and prejudicial.  *Id*. at 2-3.  This Court disagrees and finds the joinder of count seven with counts one through five appropriate.

First, this Court finds joinder of the firearm offense with the robbery charges was appropriate under Rule 8(a).  *Id*.  As Rule 8(a) states, "[t]wo or more offenses may be charged in the same indictment ... in a separate count for each offense if the offenses charged ... are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan."  As this Court previously reasoned, the alleged firearm or threatened use of a firearm are part of a common scheme or plan – namely, the purported robberies.  Weapons, firearms specifically, are often considered "tools of the trade" of robbery.  Because a firearm is implicated in

similar acts or a common scheme alleged in Counts one through five with overlapping evidence, joinder was proper under Rule 8(a).  *See United States v. Burkley*, 513 F.3d 1183, 1188 (10th Cir. 2008); *United States v. Cox*, 934 F.2d 1114, 1119 (10th Cir. 1991); *Esch*, 832 F.2d at 538.

Under Rule 14, severance is not required even if prejudice is shown, but rather is within the sound discretion of a district court.  *Zafiro*, 506 U.S. at 538-39.  The Tenth Circuit has stated that "severance is a matter of discretion and not a right," with the defendant bearing a heavy burden of establishing real prejudice.  *United States v. Martinez*, No. CR 18-00100-MV, 2019 WL 3719073 (D.N.M. Aug. 7, 2019) citing, *United States v. McConnell*, 749 F.2d 1441, 1444 (10th Cir. 1984) (quoting *United States v. Petersen*, 611 F.2d 1313, 1331 (10th Cir. 1979) (citation omitted)); *see also United States v. Hall*, 473 F.3d 1295, 1302 (10th Cir. 2007); *United States v. Espinosa*, 771 F.2d 1382 (10th Cir. 1985).  A defendant must show that a severance denial would result in "actual prejudice" and not simply a better chance of acquittal.  *Id*. citing, *United States v. Trejo*, No. CR 18-1243-RB, 2018 WL 4684223 (D.N.M. Sept. 28, 2018) (citing *United States v. DeLeon*, 323 F.R.D. 672, 686 (D.N.M. 2017)).

The Supreme Court has recognized the risk of trying a felon-in-possession charge with other counts in a single trial.  *See Currier v. Virginia*, 138 S. Ct. 2144, 2151 (2018).  The risk is that a combined trial of a felon-in-possession count with other counts allows the prosecutor to inform the jury of a defendant's felony record, which could run afoul of Federal Rule of Evidence Rule 404(b)'s prohibition on propensity evidence.  *See United States v. Lewis*, 787 F.2d 1318, 1321 (9th Cir. 1986).  In these cases, severance is not required, and the Tenth Circuit has upheld denials of motions to sever felon-in-possession counts.  *See, e.g., United States v. Jones*, 213 F.3d 1253, 1260 (10th Cir. 2000).

This Court finds no actual, real prejudice because all of the charges, including the seventh count, arose out of similar, related acts that also formed a part of a common plan or scheme.  Defendant's alleged use of a firearm is directly related to the other joined counts in the indictment and therefore,

"results in no essential unfairness when the relationship of the charges grew out of the defendant's own conduct." *United States v. Burkley*, 513 F.3d 1183, 1188 (10th Cir. 2008), quoting in part *United States v. Valentine,* 706 F.2d 282, 290 (10th Cir.1983); *Jones*, 213 F.3d at 1261.  As this Court previously reasoned, the firearm charge Defendant faces in count seven grew out of the common scheme of robbery charges he faces in counts one through five.  Therefore, this Court does not find an underlying unfairness in trying the counts together.

Moreover, evidence of the firearm possession likely would be admissible anyway in the trial on the robbery counts.  *United States v. Irving,* 665 F.3d 1184, 1212 (10th Cir.2011) ( "If the contested evidence is intrinsic to the charged crime, then Rule 404(b) is not even applicable […] such evidence remains 'subject to the requirement of [Federal Rule of Evidence] 403 that its probative value is not substantially outweighed by the danger of unfair prejudice.'" (citation omitted) (quoting *United States v. Lambert,* 995 F.2d 1006, 1007–08 (10th Cir.1993))); *cf. United States v. Hollis,* 971 F.2d 1441, 1447 (10th Cir.1992) (finding no abuse of discretion where, "had separate trials been granted, the evidence of similar conduct would likely have been admissible anyway under Fed.R.Evid. 404(b)").

The Government's case on the robbery counts appears to be as strong as its case on the firearm count.  The Government does not appear to be attempting to strengthen a weak case by joining it with a strong case, or joining counts that are random or fortuitous. *Cf. Lewis,* 787 F.2d at 1322–23 (reversing denial of severance motion where evidence on second count was "sparse" and conviction was likely affected by other bad acts evidence admissible only as to first count). Severance of counts is therefore not required "simply because the cumulative effect of evidence of similar misconduct might potentially prejudice the defendant," *Hollis*, 971 F.2d at 1457, especially where, as here, "the relationship of the charges [grows] out of the defendant's own conduct." *Olsen*, 519 F.3d at 1103.

Even if there were some prejudice from the introduction of the prior convictions, the evidence in the firearm and robbery counts arises out of the similar incidents and a common plan or scheme, and therefore it would be highly inefficient to try the counts separately.  The Court finds that the interest in efficiently trying the counts together outweighs any slight prejudice faced by Defendant.  *Tucker*, 502 F. App'x at 725 citing, *Burkley,* 513 F.3d at 1188 (holding that denial of a motion for severance was not an abuse of discretion where "[e]ven if the counts had been severed, evidence of Defendant's firearm possession would have been admissible").

Moreover, the Court notes that any prejudice can be ameliorated either by the Court (1) giving appropriate limiting instructions or (2) ensuring the prior convictions will not be given unnecessary emphasis.  "Rule 14 ... leaves the tailoring of the relief to be granted, if any, to the district court's sound discretion." *Zafiro,* 506 U.S. at 538.  The Court believes that limiting instructions can be crafted to cure any potential prejudice here.  *See Hutchinson*, 573 F.3d at 1026 ("[L]imiting instructions are ordinarily sufficient to cure potential prejudice." (quoting *Hardwell,* 80 F.3d at 1487) (internal quotation marks omitted)), cited in *Tucker*, 502 F. App'x at 724.  For example, the Court and/or the parties can craft appropriate instructions directing the jury to consider the prior convictions for appropriate purposes only and to consider each charge separately.  The Court will admonish the jurors to separately consider the evidence for each count and not permit the verdict concerning one count to control their verdict concerning any of the other counts of indictment.  The Court will also instruct the jury that Defendant is "not on trial for any act, conduct, or crime not charged in the indictment." *Tucker*, 502 F. App'x at 725 ; *see also* Tenth Circuit Pattern Instructions 1.11 (impeachment by prior conviction), 1.30 (similar acts).  To the extent Defendant argues that the jury would not follow these instructions, "[a] central assumption of [Tenth Circuit] jurisprudence is that juries follow the instructions they receive." *Castillo,* 140 F.3d at 884.

Finally, the Court and the parties can ensure that undue or unnecessary emphasis is not given to the prior convictions. "The nature or substance of the felony conviction is irrelevant and prejudicial and should be excluded if possible by use of a redacted record, affidavit, stipulation or similar technique, so that the jury is informed only of the fact of the felony conviction." Tenth Circuit Pattern Instruction, Comment Notes, 2.44 (Possession of a Firearm by a Convicted Felon, 18 U.S.C. § 922(g)(1)), *citing United States v. Wacker*, 72 F.3d 1453, 1472-73 (10th Cir. 1995). *See also Old Chief*, 519 U.S. at 172. Stipulation to the fact that a prior felony conviction exists greatly reduces the danger of prejudice by avoiding the need to delve into details of past bad acts. *Id*. Therefore, this Court finds that severance of count seven is unnecessary.

## IV.     Alternatively, Severance is Not Required Because of Admissibility Under Rule 404(b)

The United States asserts that to the extent the evidence from one count is overlapping or similar to another count, Defendant has not established such evidence is inadmissible as bad acts evidence under Fed. R. Evid. 404(b). Doc. 39 at 8. Therefore, such overlapping or similar evidence between counts is admissible as evidence of identity or plan. *Id*. This Court agrees.

Under Rule 404(b), evidence of another crime, wrong, or bad act may be admitted for the purposes of establishing intent, motive, preparation, identity, or plan. Fed.R.Evid.404(b). To determine whether evidence is admissible under Rule 404(b), the *Huddleston* test applies: (1) the evidence must be offered for a proper purpose; (2) the evidence must be relevant; (3) the trial court must make a Rule 403 determination of whether the probative value of the similar acts is substantially outweighed by its potential for unfair prejudice; and (4) pursuant to Fed. R. Evid. 105, the trial court shall, upon request, instruct the jury that evidence of similar acts is to be considered only for the proper purpose for which it was admitted. *United States v. Zamora*, 222 F.3d 756, 762 (10th Cir. 2000)(Ebel, J.)(citing *United States v. Roberts*, 185 F.3d 1125 (10th Cir. 1999)(Porfilio, J.)). *See United States v. Higgins*, 282 F.3d

1261, 1274 (10th Cir. 2002)(Holloway, J.); *United States v. Hardwell*, 80 F.3d 1471, 1488 (10th Cir. 1996)(Briscoe, J.)(citing *Huddleston v. United States*, 485 U.S. at 691–92, 108 S.Ct. 1496); *see also*; *United States v. Smith*, 103 F.3d 600, 603 (7th Cir.1996); *United States v. Bursey*, 85 F.3d 293, 296 (7th Cir.1996); *United States v. Mounts*, 35 F.3d 1208, 1214 (7th Cir.1994).  "[E]vidence of another crime is probative only if the "other crime" is similar to the crime charged – but the two crimes need not be identical."  *United States v. Gutierrez*, 696 F.2d 753, 755 (10th Cir. 1982) citing, *United States v. Myers*, 550 F.2d 1036, 1045 (5th Cir.1977), cert. denied, 439 U.S. 847, 99 S.Ct. 147, 58 L.Ed.2d 149 (1978).  If the elements of a crime share signature qualities, evidence may be admitted, and while they must be similar, need not be identical.  *Id*.

Here, this Court finds sufficient overlap and similarities between the joined charges to be admissible to establish identity or plan under Rule 404(b).  Defendant does not dispute the relevance or argue unfair prejudice, but rather that there are insufficient consistencies between the joined charges to be offered to establish a common plan or scheme.  Doc. 46 at 6.  However, the similarities over these several purported robberies include: (1) the robberies of commercial businesses within a 10 day period; (2) the threatening of victims with a deadly weapon demanding cash; (3) fleeing in a getaway car; (4) implication of Defendant's girlfriend, M.B., in two of these occurrences; and (5) all commercial businesses are located in the Los Lunas or Albuquerque, N.M., areas.  Doc. 39 at 2-4, 6.  While Defendant is correct in his assertion that there are not precise and exact consistencies between each occurrence, this Court finds sufficient overlapping and similar evidence to be deemed admissible under Rule 404(b) to establish both the identity and a common plan or scheme.  *See Gutierrez*, 696 F.2d at 755.  Because such evidence is admissible under Rule 404(b), "prejudice requiring severance is not shown."[4]  *United States v. Rollins*, 301 F.3d 511, 519 (7th Cir. 2002) citing, *United States v. Rogers*, 475

---

[4] Even if Defendant were prejudiced, "the risk of prejudice [is] substantially reduced by limiting instructions given by the district court," which can be employed to direct the jury to limit its consideration of evidence to the issues of identity or plan.

F.2d 821, 828 (7th Cir.1973); accord *Quilling*, 261 F.3d at 715; *United States v. Windom*, 19 F.3d 1190, 1198 (7th Cir.1994).  Alternatively, severance is not proper because overlapping or similar evidence between the counts are admissible under Fed.R.Evid. 404(b) for the purposes of identity and plan.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant's Motion to Sever (Doc. 33) is **DENIED**.

KEA W. RIGGS
UNITED STATES DISTRICT JUDGE

---

*Rollins*, 301 F.3d at 520 citing, *United States v. Brooks*, 125 F.3d 484, 500 (7th Cir.1997) (holding that adequate limiting instructions were sufficient to cure any potential prejudice from admission of Rule 404(b) evidence); *Moore*, 115 F.3d at 1355 (same); *see also United States v. Jones*, 248 F.3d 671, 676 (7th Cir.2001) (holding that reviewing court will assume that jury followed a Rule 404(b) limiting instruction).